IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00317-BNB

DANIEL L. SCHAAL,

    Plaintiff,

v.

EL PASO COUNTY SHERIFFS C.J.C.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 7 2007

GREG_____ _____HAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Daniel L. Schaal, is confined at the El Paso County Detention Facility in Colorado Springs, Colorado. Mr. Schaal has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Schaal is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Schaal will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Schaal and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Schaal fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint consists of fifty-four pages of confusing, verbose, and sometimes repetitive allegations. Mr. Schaal also attaches fifty-one pages of exhibits to the complaint that are not helpful in clarifying the claims he is asserting. Although Mr. Schaal does list ten separate claims in the complaint, it is not clear that those claims are being asserted against the named Defendant. Assuming Mr. Schaal is asserting all ten of his claims against the one Defendant named in the caption of the complaint, he fails to allege facts to demonstrate that the named Defendant is responsible for all of the asserted constitutional violations. Therefore, Mr. Schaal will be directed to file an amended complaint that complies with the pleading

requirements of Rule 8. Mr. Schaal is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendant to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Schaal file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Schaal, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Schaal fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED February 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00317-BNB

Daniel L. Schaal
Prisoner No. 00109485
El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80906

  I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2-27-07

              GREGORY C. LANGHAM, CLERK

              By: _____
                  Deputy Clerk